UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00158-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KRISTINE LOUISE JOHNSON,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se "Motion to have Restitution Set Aside Pursuant to 18 U.S.C. § 3663(A)(a)(2)." For cause, defendant states, as follows:

> Restitution has been satisfied and documented in the pre-sentencing documents and the Civil Action No. 15-cv-00299-REB-CBS, United States Securities and Exchange Commission vs Kristine L. Johnson which states that the defendant's liability shall be deemed satisfied by the order of forfeiture entered in Case No. 3:15'-cr-158-MOC (W.D.N.C.).
> According to 18 USCS 3664, the court has the authority to order that the funds seized by the Security and Exchange Commission pertaining to this offense shall apply as restitution in full, and by Judgment of the Court so ordered.
> The Petitioner seeks relief from the District Court to make an Amended Judgment Oder to reflect that "no restitution" is ordered, and forward the NEW Judgment Order to the Federal Bureau of Prisons indicating that she does not have to participate in the Financial Responsibility Program and all funds previously deducted from Petitioner's Trust Fund account be reimbursed.

Motion (#59) at 1. The Court does not follow defendant's logic. If there is a civil order (which has not been attached) in some other court (which has not been cited, but is perhaps the District of Colorado) that provides that the liability in the civil action "shall be deemed satisfied by the order of forfeiture" in this case, such civil Order has no impact on her more than $300,000 obligation in this criminal case. Rather, such obligation is this case is governed by the documents in this case, which provide in relevant part as follows:

1

> 3. The United States and Defendant agree that, at the United States' discretion, upon issuance of a restitution order to victims with quantifiable losses in this criminal case, the United States may (1) request that this Court dismiss from this forfeiture order specific assets in a quantity sufficient to satisfy the restitution ordered by this Court and (2) request that this Court issue process sufficient to ensure transfer of the dismissed specific assets directly from USSS or TEAOF to victims, to the Clerk of Court to pay victims, or to another appropriate payment processor or entity employed to pay victims. In the event that some, but not all, specific assets are dismissed from this order to pay victims, Defendant agrees and consents to the forfeiture to the United States of any remaining specific assets that are not dismissed.

Forfeiture Order (#28) at ¶ 3. Put another way, it is clearly up to the United States, in its discretion, to move <u>this</u> <u>Court</u> to transfer assets from the forfeiture to cover the loses of the identified victims. This Court recalls well that the Ponzi scheme here took some 6.8 million dollars from victims, with 209 of those victims coming forward seeking in excess of $300,000 in restitution. This Court will not in any manner release or deem satisfied the restitution obligation in this matter until it is assured by the United States and the Clerk of this Court that all the victims who have come forward have been paid in full.

Finally, defendant's citation to "18 U.S.C. § 3663(A)(a)(2)" is both incorrect and unavailing. There simply is no such provision and the Court has read and cannot find any authority in § 3663 to set aside restitution in what is now a final Judgment. If defendant intended to cite §3663A(a)(2), which is a completely separate law, that provision does not provide authority for this Court to set aside restitution that is included in a Judgment.

While it appears arguable that the Forfeiture Order may provide some relief, it appears that any such request must originate with the government, not the defendant. Further, it appears to be left to the *discretion* of the United States Attorney to move under the Forfeiture Order for any relief herein.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion to have Restitution Set Aside Pursuant to 18 U.S.C. § 3663(A)(a)(2)" (#59) is **DENIED** without prejudice.

The Clerk of Court is directed to provide **AUSA Benjamin Bain-Creed** with a copy of this Order, who may be able to provide further insight into the status of matters agreed to in the Forfeiture Order.

Signed: March 8, 2018

Max O. Cogburn Jr.
United States District Judge